# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOEL GOLD, | * | |
|    Plaintiff | * | |
| v. | * | CIVIL NO. JKB-17-483 |
| SCOTT GOLD, *et al.*, | * | |
|    Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

Plaintiff Joel Gold brings this action for fraud and civil conspiracy against Scott Gold, Plaintiff's son, and Doris Gold, Plaintiff's ex-wife. (Compl. ECF No. 2.) Defendant Doris Gold has moved to dismiss for lack of personal jurisdiction. (ECF No. 10.) That motion has been fully briefed (ECF Nos. 12, 15), and no hearing is necessary, *see* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Defendant's motion will be granted.

## I.  *STANDARD TO DISMISS FOR LACK OF PERSONAL JURISDICTION*

When a party challenges the district court's personal jurisdiction under Rule 12(b)(2), the burden is on the plaintiff to prove the existence of jurisdiction by a preponderance of the evidence, and if there is a dispute as to the pertinent facts, the court may resolve that dispute at a separate evidentiary hearing or during trial. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). However, where the court decides jurisdiction on the motion papers alone, "the plaintiff need only make a prima facie showing of a sufficient jurisdictional basis to prevail." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188 (4th Cir. 2016). "In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the

plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

## II. ALLEGATIONS OF THE COMPLAINT

The Complaint alleges that on June 6, 2014, Scott Gold purchased a boat, "the Rehoboth Star," and at an unspecified time, caused the boat to be docked in West Ocean City, Maryland. (Compl. ¶ 6.) On December 4, 2015, Plaintiff obtained a judgment against Scott Gold in in the Superior Court of New Jersey in the amount of $248,777.54. (*Id.* at ¶ 4.) Allegedly knowing that Plaintiff would seek to attach the boat, Scott Gold proceeded to sell it for $170,000 to Don Hetherington, Phil Houck, and/or a business entity they controlled.[1] (*Id.* at ¶¶ 6, 8, 11.) He allegedly arranged for the sale to be structured such that the buyers paid a total of $90,000 to the parties holding security interests in the boat, $10,000 to Scott Gold himself, and a total of $70,000 in eight different checks made out to Scott Gold's mother, Doris. (*Id.* at ¶ 11.)

According to the Complaint, these payments did not satisfy any legal right held by Doris Gold, but rather represented an agreement between her and her son that she would help him to conceal the assets and protect them from being attached by Plaintiff. (*Id.* at ¶ 13.) Plaintiff alleges that Doris Gold knew of the judgment, knew of the sale, and understood that by accepting the proceeds on Scott Gold's behalf, she would help him to keep that money beyond Plaintiff's reach. (*Id.*)

---

[1] The record does not allege a precise date of the transaction, but the checks which Plaintiff alleges are payments that relate to the purchase were all dated between January 5, 2016 and March 9, 2016. (Cancelled Checks, ECF Nos. 16-1–16-4.) In deciding a motion to dismiss pursuant to Rule 12(b)(2), the Court may consider such documents, despite the fact that they constitute evidence outside the pleadings. *See Structural Pres. Sys., LLC v. Andrews*, 931 F. Supp. 2d 667, 671 (D. Md. 2013).

## III. ANALYSIS

Plaintiff has alleged that in the instant case, the Court has specific jurisdiction over Doris Gold through the conspiracy theory of personal jurisdiction. (Pl's Mem. in Opp'n 4, ECF No. 16.) However, in the face of his opponent's challenge, Plaintiff has failed to make a prima facie showing that at the time Doris Gold formed her alleged agreement with her son to defraud Plaintiff she should reasonably have known that Scott would take some actions in furtherance of that agreement within the state of Maryland. Such a showing is required before one may proceed under the conspiracy theory of personal jurisdiction. Accordingly, Defendant Doris Gold's motion to dismiss will be granted.

A federal court, sitting in diversity, has personal jurisdiction over a non-resident defendant if "(1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188 (4th Cir. 2016). The reach of Maryland's long-arm statute is coextensive with the reach of the Due Process Clause of the United States Constitution, so the "statutory inquiry merges with [the] constitutional examination." *Id.* However, courts may not "simply dispense with analysis under the [Maryland] long-arm statute," but rather, must interpret it "to the limits permitted by the Due Process Clause when they can do so consistently with the canons of statutory construction." *Mackey v. Compass Mktg., Inc.*, 892 A.2d 479, 493 n.6 (Md. 2006).

Maryland's long-arm statute provides personal jurisdiction over any person who, among other things, "transacts any business or performs any character of work or service in [Maryland]" or "causes tortious injury in [Maryland] by an act or omission in [Maryland]." Md. Code Ann., Courts & Jud. Proc. § 6-103(b) (LexisNexis 2013). The statute provides jurisdiction over someone who performs such acts directly or through an agent. *Id.* Maryland's Court of Appeals

has concluded that a co-conspirator is an "agent" within the meaning of the statutory text and therefore that Court has adopted the conspiracy theory of personal jurisdiction. *Mackey*, 892 A.2d at 495. Under this theory, an out-of-state party who would independently lack sufficient minimum contacts with a forum state may nonetheless be subject to suit in the forum if she engages in a conspiracy with another who has such contacts. *Id.* at 484. In other words, certain actions done in furtherance of a conspiracy by one co-conspirator may be attributed to another co-conspirator for jurisdictional purposes. *Id.* To establish personal jurisdiction under this theory, a plaintiff must make a threshold showing that

> (1) two or more individuals conspire to do something
> (2) that they could reasonably expect to lead to consequences in a particular forum, [then]
> (3) one co-conspirator commits [an] overt act[] in furtherance of the conspiracy, and
> (4) those acts are of a type which, if committed by a non-resident, would subject the non-resident to personal jurisdiction under the long-arm statute of the forum state.

*Id.* at 486.

The conspiracy theory of personal jurisdiction comports with the requirements of constitutional due process. *Id.* at 487; *see also Cleaning Auth., Inc. v. Neubert*, 739 F. Supp. 2d 807, 816 (D. Md. 2010). The Due Process Clause protects an individual's liberty interest in not being subject to judgment in a forum state to which she has not purposely directed her activities and therefore lacks fair warning that she could be subject to a judgment. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). In keeping with that constitutional requirement, a court may not exercise personal jurisdiction over anyone who has not established such "minimum contacts" that she "should reasonably anticipate being haled into court there." *Id.* at 474 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 567 (1980)). However, according to the conspiracy theory of personal jurisdiction, when all four of the elements

enumerated above are present, a party may fairly be said to have purposely established minimum contacts in a forum such that exercise of jurisdiction over her would not be "random, fortuitous, or attenuated," thus satisfying constitutional demands. *Mackey*, 892 A.2d at 491 (quoting *Burger King*, 471 U.S. at 475).

Plaintiff has alleged that Doris and Scott Gold conspired to block Plaintiff from attaching the proceeds of the sale of the boat. (Compl. ¶ 13.) He has also alleged that Scott committed an act in furtherance of that agreement when he structured the sale of the boat as he did. (*Id.* at ¶ 12.) Accordingly, Plaintiff has met his burden of presenting a prima facie showing that elements one and three of the conspiracy theory of personal jurisdiction are satisfied with respect to this Court's jurisdiction over Doris Gold.

To satisfy element two of the conspiracy theory of personal jurisdiction, the required showing is that a reasonable person in the defendant's position would have anticipated a co-conspirator committing an act in furtherance of the conspiracy within the forum jurisdiction. *Mackey*, 892 A.2d at 486. Notably, it invokes a reasonable person standard and no proof of actual knowledge is necessary. *Id.* at 495–96. However, the hypothetical "reasonable person" must form the pertinent expectation *at the time the agreement with the co-conspirator was formed*. *Id.* at 489. Satisfaction of this requirement is necessary to ensure that the out-of-forum co-conspirator has "purposely availed" herself of the privilege of conducting activities in the forum and therefore has fair warning that she could be subject to suit there—the motivating concern behind the Supreme Court's decisions in *Burger King* and *Worldwide Volkswagen*. *Id.* at 495; *see also Neubert*, 739 F. Supp. 2d at 816 ("Although all four elements are required, it is this second element that is crucial to making the conspiracy theory of jurisdiction constitutional.").

Plaintiff has failed to meet his burden of presenting a prima facie showing on this second element of the test to establish the Court's jurisdiction over Doris Gold. To be sure, the Complaint alleges that she (i) received $70,000 from the sale of the boat in the form of eight checks, each for less than $10,000; (ii) was a "willful, knowing, and active participant" in the scheme to keep the proceeds from Plaintiff; and (iii) had no rightful interest in the money at issue. (Compl. ¶ 13.) The cancelled checks from the boat's buyers, which provide Maryland addresses for the buyers and for their bank, also imply that (iv) Doris Gold knew that the proceeds from the boat's sale originated in Maryland. (*See* Cancelled Checks.) Furthermore, the Complaint alleges that (v) the boat was kept in, used and operated from West Ocean City, Maryland, and (vi) Scott Gold was aware of its location. (Compl. ¶ 6.) However, at no point does Plaintiff allege that Doris Gold should reasonably have known *at the time of her agreement with her son* that any portion of the conspiracy was likely to occur in Maryland. Plaintiff does not allege at what time his ex-wife became aware of the locations of the boat, the buyers, or the sale, nor does he allege when the Defendants formed their alleged agreement to defraud him. By failing to allege such facts, Plaintiff has not met his burden in response to Doris Gold's challenge to the Court's jurisdiction. If Doris Gold did not reasonably understand, <u>when she entered the agreement with her son</u>, that events had occurred or were occurring under the umbrella of the conspiracy that established minimum ties to Maryland, and, more importantly, if Plaintiff cannot plausibly allege the same, then the case against Doris Gold cannot go forward here. The complaint, certainly as it is drawn currently, is deficient as to her. Accordingly, her motion to dismiss will be granted without prejudice.

Because the Court will grant Doris Gold's motion based on element two, it need not decide whether Plaintiff has met his burden under element four of the conspiracy theory of

personal jurisdiction (*i.e.*, whether Plaintiff has alleged that Scott Gold's conduct met either the in-state tort or the in-state business transaction prong of Maryland's long-arm statute).

## IV. CONCLUSION

For the foregoing reasons, Defendant Doris Gold's motion to dismiss will be granted without prejudice. A separate order shall issue.

DATED this 12th day of May, 2017.

BY THE COURT:

/s/
James K. Bredar
United States District Judge